(88 App. Div. 234.)

### KELLY v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department.   November 11, 1903.)

1. STREET RAILWAYS—NEGLIGENCE—INJURY TO ONE NEAR TRACK—INSTRUC-
   TIONS.
   In an action against a street railway for the death of one killed owing
   to a car leaving the track at a point near where he was working, the
   court instructed that it was the duty of defendant to have the car rails,
   etc., so constructed that the car would stay on the tracks.  *Held,* that the
   instruction was erroneous, as eliminating from the jury the question of
   the degree of care which defendant was required to exercise, and prac-
   tically stating that the company was an insurer against accidental derail-
   ment.

2. SAME—PREJUDICIAL ERROR—CONSTRUING INSTRUCTIONS TOGETHER.
   Though the court had in earlier instructions stated that plaintiff could
   not recover merely because the accident happened, and followed the er-
   roneous instruction by a statement that if, from all the testimony, the
   jury believed the car left the track without defendant's fault, and they
   were guilty of no negligence, plaintiff could not recover, the error could
   not be regarded as harmless, it appearing that at the close of the charge
   the court was asked by counsel if the court meant to instruct that it was
   the duty of the railroad to have its track so constructed that the cars
   would stay on the tracks, and the court having replied that such was the
   charge.

Appeal from Trial Term, Rensselaer County.

Action by Patrick J. Kelly, as administrator, and another as admin-
istratrix, of the estate of Bartholomew Kelly, deceased, against the
United Traction Company.   From a judgment for plaintiff, and from
an order denying defendant's motion for a new trial, defendant ap-
peals.   Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, and CHES-
TER, JJ

Patrick C. Dugan, for appellant.

Martin L. Murray, for respondent.

CHESTER, J.   The plaintiff's intestate, while engaged in laying
brick on the sidewalk on the south side of Tenth street near its junc-
tion with Oakwood avenue, in the city of Troy, was killed by a trolley
car owned and operated by the defendant, which ran off the track and
ran against him.   He was in a stooping posture, engaged in his work,
with his back to the defendant's tracks at the time of the accident.
Without considering other features of this case, we think there was an
error in the charge of the learned trial justice to the jury which re-
quires the granting of a new trial.   He charged the jury that "it was
the duty of the defendant to have their car and its apparatus and the
roadbed and the rails so constructed and applied that the car would
stay on the tracks."   At the close of the principal charge his atten-
tion was called to this part of the charge by the defendant's counsel,
who said:   "I don't know whether I got your honor's language cor-
rectly, but I desire to except to that portion of your honor's charge
wherein you say, or whatever you did say upon the subject, that it was
the duty of the railroad company to have the railroad and its tracks
so constructed that the cars would stay on the tracks."   The court re-

plied: "Well, I charged that; that it is." The defendant's counsel: "We desire to except to that." This charge does not correctly state the rule of law, for it wholly eliminated from the consideration of the jury the question of the degree of care which the defendant was required to exercise, under the circumstances, with reference to its car, tracks, and roadbed, and was practically saying to the jury that the company was liable because the car left the track. The charge was erroneous, too, because its effect was to take from the consideration of the jury all the evidence offered on behalf of the defendant for the purpose of relieving itself of the charge of negligence, and tending to show that at the time of the accident the car and the appliances connected therewith, as well as the rails and roadbed, were in perfect condition. To hold the defendant to the rule stated would practically be to make it an insurer against an injury caused by the accidental derailment of one of its cars, regardless of the fact as to whether such derailment was caused by its negligence or otherwise.

It is true that the court had earlier in its charge correctly stated that the plaintiff "is not entitled to recover in this action simply because the accident happened," and followed the erroneous charge by stating:

"If, from the evidence of the defendants' witnesses, from the testimony of the experts who have sworn concerning the construction of the roadbed and the modern appliances, and all that was testified to concerning that, you arrive at the conclusion that the car left the track without any fault of the defendants, and that they were in no wise negligent, either by failing to have a well built and constructed roadbed or proper appliances, or by running the car at a high rate of speed—if they were guilty of no such negligence—then the plaintiffs cannot recover."

In view of these statements we would be inclined to hold that the portion we have criticised constituted harmless error, were it not for the fact that when, at the close of the charge, the matter was prominently called to the attention of the court, and excepted to, the charge in this respect was not modified by him, but, on the contrary, was adhered to. Because of this we are not able to say that the defendant was not prejudiced by the error.

We think, therefore, that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.